UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| V. D.,                                    ) | |
|         Plaintiff,                   ) | |
|                                                ) | Case No.: |
| v.                                           ) | |
|                                                ) | DEMAND FOR JURY TRIAL |
| Dmitriy Nikolayev,              ) | |
|         Defendant.              ) | |

**COMPLAINT**

Plaintiff, V. D., sues Dmitriy Nikolayev and in support states:

Nature of the Action

1. The events giving rise to the causes of action alleged herein took place from about 2010 and continued to at least August 2011. Defendant, by means of using telephone, Skype, internet chat rooms, and social media sites, solicited services of pimps in the Republic of Moldova to procure sexual services of minors in the Republic of Moldova. Defendant subsequently traveled to Moldova for the specific purpose of having sex with minors and, during one of such travels, had sex with Plaintiff, a minor at the time, as more specifically alleged in this complaint.

Jurisdiction and Venue

2. This action is for damages in excess of $75,000.00.

3. Title 28 section 1350 of the United States Code, the Alien Tort Statute ("ATS"), grants this Court jurisdiction to adjudicate the presented claim.

Parties

4. Plaintiff is a national and resident of the Republic of Moldova. At all times relevant to the alleged causes of actions Plaintiff was a minor. The Plaintiff's identity will be

disclosed to the Defendant upon the Court's granting of a protective order.

5.      Defendant is a resident of the Commonwealth of Massachusetts.  Defendant possesses a Russian passport #51-4310133, and is believed to have attained immigration status of a lawful permanent resident of the United States, and possibly also became a naturalized United States Citizen.

General Allegations

6.      Defendant, by means of using (1) his mobile telephone with the number +1-857-205-7440, (2) Skype with nickname "mr_dima_n", (3) internet chat rooms, and (4) social media sites, solicited a Moldovan pimp Oleg Savitskiy (Savitskiy), and when ("Savistkiy") was charged and convicted, then solicited another Moldovan pimp Mihail Bideac ("Bideac"), to procure in the Republic of Moldova sexual services from minors, and to record the illicit pornographic acts on video. *See* Exhibit A.

The selected documents comprising Exhibit A came into existence as a result of a criminal investigation, by the Center for Combatting of Trafficking in Persons at the Ministry of Internal Affairs, into child trafficking and child prostitution rings in Moldova.  During the course of these investigations, the telephones of the suspected pimps were tapped.  The wire taps allowed the conversations with the Defendant to be intercepted.

7.      Through the use of telephone, Skype and internet social sites, Defendant affirmatively solicited pimps to find him underage boys in the Republic of Moldova for the purposes of having sex and of recording the sexual acts on video.

8.      As an example of one such intercepted telephonic conversation, in a call initiated by the Defendant to the now-convicted pimp Bideac (or "MB" in the below telephone exchange), the following exchange occurred (translated from Russian):

**D**: Hi, how are you doing.

> **MB**: Fine, how are you?
> **D**: Fine!, so I am calling to find out if you have any supplemental news for me or not?
> **MB**: In short I am trying to find additional boys for entertainment.
> **D**: Understood…. Well, ok….. What is the assortment as of now?
> **MB**: Umm….. Sergey, Dima…..Dima…. four.
> **D**: Understood…., what about parameters?
> **MB**: Parameters…. Umm 13-16 years.
> **D**: Understood. What about …. I didn't understand if you have pictures.
> **MB**: I'm sorry?
> **D**: You promised to send me pictures.
> **MB**: Dima, understand that I have not been connected to the internet yet, once they connect me to the internet, I will send the pictures right away.
> **D**: Well ok.

*See* Exhibit A.

Subsequently, interrogations of the pimps were made, during which Defendant's name came up again, as well as the names of Defendant's victims.

9. Defendant traveled to Moldova to have sex with underage boys. *See* Exhibit A.

10. About May 2011, Defendant agreed with Bideac, a pimp charged and convicted for child trafficking, to travel to Moldova, and, while in Moldova, to use Plaintiff in sexual activities for remuneration, and other forms of consideration. *See* Exhibit A.

11. While in Moldova, between August 20 and 26, 2011, Defendant used Bideac as his proxy to find and persuade Plaintiff to engage in illicit sex. Bideac knew that Plaintiff suffered from a form of psychoneurosis. While Defendant stayed at an apartment in Moldova, Defendant had Bideac bring Plaintiff to him for the purpose of engaging in illicit sex. *See* Exhibit A.

12. On or about August 24, 2011, Bideac brought Plaintiff to Defendant's apartment at Str. Mitropolit Dosoftei 100, apartment #78, in Chisinau, Moldova. Once there, Defendant offered the Plaintiff to share with him a bottle of wine.

13. After getting the Plaintiff intoxicated, Defendant engaged Plaintiff in oral and anal sex and filmed these acts on his video camera.  Subsequently, Defendant paid to the pimp circa $10 USD in Moldovan currency in exchange for illicit sexual relations with Plaintiff and for recording the same on a video camera.

14. Defendant's actions, as alleged in paragraphs 6 through 13 above, constitute sexual activities for remuneration, and other forms of consideration in violation of the "Optional Protocol to the Convention on the Rights of the Child on the Sale of Children, Child Prostitution and Child Pornography" of the United Nations General Assembly Resolution 54/263, S. Treaty Doc. No. 106-37, 39 L.L.M. 1285, *available at* 2000 WL 333666017 *and at* www.state.gov/documents/organization/126490.pdf.  ("Optional Protocol to the Convention").

The Optional Protocol to the Convention has been ratified by the United States, Republic of Moldova, and the Russian Federation.  The Optional Protocol to the Convention received a favorable report from the Senate Committee on Foreign Relations on May 23, 2002, then the Senate consented to its ratification on June 18, 2002, and subsequently, the President ratified the treaty on September 14, 2002. *See* 148 Cong. Rec. S5717-18 (daily ed. June 18, 2002) (pre-ratification statement of Sen. Reid); 148 Cong. Rec. S5895-96 (daily ed. June 21, 2002) (post-ratification statement of Sen. Harkin).

The United States Congress recognized a general prohibition on the sexual exploitation of children, for either pornography or /and for sex, as an international norm.  In response to such recognition, the United States Congress enacted Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (PROTECT ACT) Pub.L. 108-21, April 30, 2003.  A year prior to the passage of the PROTECT ACT, an almost identical statute was passed in the House of Representatives called the Sex Tourism Prohibition Improvement Act of 2002.  Additionally, recognizing also the nations' prohibition against sex

travel, the Congress proclaimed that "[a]ny United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both." 18 U.S.C.A. § 2423(c).

## COUNT I
## VIOLATION OF ATS

15. The Plaintiff repeats and realleges paragraphs 1 through 14 as if set forth herein.

16. The Defendant's above-described conduct violates the laws of nations and the norms of customary international law, including the United States, and is cognizable under the ATS.

17. As a result of Defendant's wrongful conduct the Plaintiff suffered damages, including pain, suffering, degrading treatment, and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff V. D., demands money judgment against Defendant Dmitriy Nikolayev for pain, suffering, degrading treatment, and humiliation; Plaintiff also requests a punitive damages award, including prejudgment interest; Plaintiff further requests an award of reasonable attorney's fees and such other relief this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury to the extent authorized by law.

Respectfully submitted,

*/s/ Sergiu Gherman*
Sergiu Gherman
FBN: 37031

GHERMAN LEGAL PLLC
25 SE 2nd Avenue, Suite 808
Miami, Florida 33131-1603
Tel. | Fax (305) 459-1551

sgherman@ghermanlaw.com
*Motion to admit pro hac vice pending*

 /s/Ronald W. Dunbar,Jr.
Ronald W. Dunbar, Jr.
BBO No. 567023

DUNBAR LAW P.C.
197 Portland Street, 5th Floor
Boston, Massachusetts 02114
Tel. (617) 244-3550
dunbar@dunbarlawpc.com